10-990-ag
Farook v. Holder

BIA
Elstein, IJ
A094 814 754

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of January, two thousand eleven.

PRESENT:

RALPH K. WINTER,
BARRINGTON D. PARKER,
REENA RAGGI,
   *Circuit Judges*.

_____

MOHAMED USAMA HUSSAIN FAROOK,
  *Petitioner*,

   v.         10-990-ag
                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
  *Respondent*.

_____

FOR PETITIONER:   Benjamin B. Xue, New York, New York.

FOR RESPONDENT:   Tony West, Assistant Attorney General, Civil Division; James A. Hunolt, Senior Litigation Counsel; Patrick J. Glen, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Mohamed Usama Hussain Farook, a native and citizen of Sri Lanka, seeks review of a February 18, 2010 decision of the BIA affirming the August 13, 2008 decision of Immigration Judge ("IJ") Annette S. Elstein denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mohamed Usama Hussain Farook*, No. A094 814 754 (B.I.A. Feb. 18, 2010), *aff'g* No. A094 814 754 (Immig. Ct. N.Y. City Aug. 13, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

# I. Asylum

## A. Persecution by the Police

Substantial evidence supports the agency's determination that any harm suffered while Farook was in police custody was not on account of a protected ground. *See* 8 U.S.C. § 1101(a)(42). As amended by the REAL ID Act, Title 8, Section 1158(b)(1)(B)(i) of the U.S. Code provides that an asylum "applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." In its first published decision discussing the "one central reason" standard, the BIA held that "the protected ground . . . cannot be incidental, tangential, superficial, or subordinate to another reason for harm." *Matter of J-B-N- & S-M-*, 24 I. & N. Dec. 208, 214 (BIA 2007).

The agency reasonably found that police officers questioned and beat Farook during a criminal investigation into his girlfriend's disappearance and that their question about the fact that he and his girlfriend practiced different religions during his interrogation did not demonstrate a religious motive for the abuse he suffered.

Moreover, the IJ reasonably noted that country conditions in Sri Lanka reflected that general abuse of criminal suspects occurs, but did not show that the Sri Lankan police persecute people on account of their religion. Thus, substantial evidence supports the agency's determination that Farook's alleged persecution by the police did not establish his eligibility for asylum because he did not show that his religion was one central reason for the harm he suffered. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i).

**B. Persecution by the Liberation Tamil Tigers of Eelam**

As to Farook's claimed fear of persecution by the Liberation Tamil Tigers of Eelam ("LTTE"), even if there were a reasonable basis for concluding that the Sri Lankan government has been "unable or unwilling to control" this group, *Rizal v. Gonzales*, 442 F.3d 84, 92 (2d Cir. 2006) "we can state with confidence" that the same denial decision would be made "if we were to remand," *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 (2d Cir. 2006). Indeed, we take judicial notice of the fact that the LTTE were defeated by the Sri Lankan army in May 2009, *see* U.S. Dep't of State, Sri Lanka, Country Reports on Human Rights

4

Practices 2009 (2010), *available at*

http://www.state.gov/g/drl/rls/hrrpt/2009/sca/136093.htm

(last visited Nov. 3, 2010); *see also Hoxhallari v.*

*Gonzales*, 468 F.3d 179, 186 n.5 (2d Cir. 2006) (noting that

this Court has the power to "exercise independent discretion

to take judicial notice of any further changes in a

country's politics that occurred between the time of the

BIA's determination [] and our review"), and therefore the

LTTE is now a group that the Sri Lankan government is able

and willing to control.  Thus, Farook could not establish

his eligibility for asylum based on his claim that he has a

well-founded fear of future persecution at the hands of the

LTTE.  *See Rizal*, 442 F.3d at 92.

**II.  Withholding of Removal and CAT Relief**

Similarly, although Farook's Notice of Appeal and brief

on appeal to the BIA adequately exhausted his claim for

withholding of removal, *see* 8 U.S.C. 1252(d)(1); *see also*

*Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006), no

remand is warranted, *see INS v. Orlando Ventura*, 537 U.S.

12, 16 (2002), because that claim was based on the same

factual predicate as his claim for asylum and fails for the

same reasons discussed above, *see Xiao Ji Chen*, 471 F.3d at

5

338; *see also* 8 U.S.C. § 1231(b)(3)(A); *Matter of Acosta*, 19 I. & N. Dec. 211, 222, 236 (BIA 1985), *overruled on other grounds by Matter of Mogharrabi*, 19 I. & N. Dec. 439 (BIA 1989).

Finally, we lack jurisdiction to consider Farook's challenges to the IJ's denial of his application for CAT relief because he failed to exhaust those arguments before the BIA. *See* 8 U.S.C. 1252(d)(1); *see also Karaj*, 462 F.3d at 119.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk